MARRIAN S. CHANG CA Bar No. 211561
marrian.chang@ogletreedeakins.com
ASHLEY B. DECKER, CA Bar No. 273262
ashley.decker@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:    213.239.9045

Attorneys for Defendants
ANTIOCH UNIVERSITY and
THOMAS MONDRAGON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA RISTAU,<br><br>             Plaintiff,<br><br>      v.<br><br>ANTIOCH UNIVERSITY, a California corporation; THOMAS MONDRAGON, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>             Defendants. | Case No. 2:14-cv-4741 DDP (SSx)<br><br>**DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION FOR COURT TO REMAND CASE BACK TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA AND OPPOSITION TO PLAINTIFF'S MOTION TO AWARD PLAINTIFF COSTS AND ATTORNEY'S FEES IN THE AMOUNT OF $3,165.00**<br><br>[Filed concurrently with Declaration of Marrian S. Chang]<br><br>Date:          August 18, 2014<br>Time:          10:00 a.m.<br>Dept.:         Courtroom 3<br>Judge:         Hon. Dean D. Pregerson<br><br> Complaint Filed:  May 13, 2014<br> Date of Removal: June 19, 2014 |

18538597_1.docx

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT
AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

Defendants Antioch University and Thomas Mondragon (collectively, "Defendants") respectfully respond to Plaintiff Alicia Ristau's ("Plaintiff") Motion for Court to Remand Case Back to the Superior Court of California & Award of Costs & Attorney's Fees in the Amount of $3,165.00.  Specifically, Defendants do not oppose Plaintiff's Motion to Remand; however Defendants oppose Plaintiff's request for attorney's fees and costs on the grounds that the removal of this action was proper based on federal question jurisdiction, and Plaintiff cannot recover fees and costs for the remand of a case based on her post-removal changes to her claims.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

In this action, Plaintiff, formerly a student and employee of Antioch, alleges two separate and distinct categories of claims: one that arises from her academic enrollment in defendant Antioch's Master of Arts in Clinical Psychology ("MAP") program, and another relating to her employment at Antioch pursuant to the Federal Work-Study Program.  Plaintiff's enrollment in defendant Antioch's Master of Arts in Clinical Psychology ("MAP") program was terminated after Plaintiff failed to fulfill the requirements of multiple classes and failed to demonstrate her readiness for clinical training.  When her academic enrollment ended, Plaintiff's employment in Antioch's Federal Work-Study Program was necessarily terminated, as required by federal law (42 U.S.C. § 2753(b)) and regulations promulgated pursuant to the law.  The relevant procedural background to date is as follows:

1.    On or about May 13, 2014, Plaintiff Alicia Ristau ("Plaintiff") filed a Civil Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled Alicia Ristau v. Antioch University, a California corporation; Thomas Mondragon and Does 1-100, Inclusive, Case No. BC545523 ("State Court Action").  See Complaint (Docket, 1).  The Complaint asserted ten claims, including the following three claims solely arising under federal law: (1) violation of the Americans with Disabilities Act (ADA) – Public Accommodations,

18538597_1.docx

1                                    Case No. 2:14-cv-4741 DDP (SSx)

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT
AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

42 U.S.C.A. sections 12101 et seq.; (2) violation of the ADA – employment; and (3) violation of the Rehabilitation Act of 1973, 29 U.S.C.A. sections 701 et seq. ("Federal Question Claims").  *See* Complaint, generally.

2.  On or about June 19, 2014, based on the Federal Question Claims, Defendants removed the action to the instant Court as the action was one over which this Court had original jurisdiction under 28 U.S.C. § 1331, and was one that could be removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.  *See* Notice of Removal (Docket, 1.)  Moreover, the Court had supplemental jurisdiction over Plaintiff's state law claims since as they were based on the same facts as Plaintiff's federal claims.  28 U.S.C. § 1367(a); see *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  (*Id*.)

3.  On or about June 26, 2014, Defendants filed their respective motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Original Rule 12 Motions").  *See* Original Rule 12 Motions (Docket Nos. 7, 8.)

4.  On or about June 23, 2014, Plaintiff demanded that Defendants stipulate to remand the case to State Court.  (Declaration of Marrian S. Chang ("Chang Decl.", ¶ 5, Ex. A.)  Plaintiff, however, relied on inapplicable law, involving claims or causes of action that arose out of state law, or involved a cause of action or claim where federal law served as an alternative theory for relief within a specific cause of action or claim.  (*Id*.)  Based thereon, on or about June 26, 2014, Defendants informed Plaintiff that they could not agree to stipulate to remanding the action to State Court as federal question clearly existed on the face of Plaintiff's Complaint. (Chang Decl., ¶ 6, Ex. B.)

5.  On or about July 2, 2014, Plaintiff's counsel contacted counsel for Defendants, asking whether Defendants would stipulate to remanding the action back to State Court if Plaintiff dismissed all of her federal claims.  (Chang Decl., ¶ 7, Ex. C.)  As of that date, however, Plaintiff had not yet filed an amended complaint and Defendants therefore could not review the amended complaint to determine whether

18538597_1.docx

2                                    Case No. 2:14-cv-4741 DDP (SSx)

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

federal question remained; thus, Defendants could not agree to remand the action back to State Court at that time.  (*Id*.)

6.      On or about July 7, 2014, Plaintiff filed a First Amended Complaint ("FAC").  See FAC (Docket No. 12.)  Contemporaneously that day, Plaintiff also filed and served oppositions to Defendants' Original Rule 12 Motions.  See Oppositions to Original Rule 12 Motions (Docket Nos. 15, 16.)

7.      Plaintiff's FAC omits her Federal Question Claims.  See FAC, generally.  See FAC (Docket No. 12.)  In addition, Plaintiff intentionally omitted references to the fact that her employment with Antioch was created by and was dependent on her status as a student at Antioch pursuant to federal law establishing and regulating the Federal Work Study Program.  (*Id*.)

8.      Four days before Defendants' response to the FAC was due, however, on or about July 17, 2014, Plaintiff filed her Motion to Remand.  *See* Motion to Remand (Docket No. 19.)  Because Defendants' response to the FAC was due on July 21, 2014, before any opposition to the Motion to Remand was due, on or about July 21, 2014, Defendants filed new motions to dismiss pursuant to Rule 12(b)(6), setting them for hearing on August 25, 2014 ("Motions to Dismiss FAC").  *See* Motions to Dismiss FAC (Docket Nos. 23, 24.)

**9.**      Defendants then turned to a review of the Motion to Remand.  (Chang Decl., ¶ 10.)  Defendants reviewed and researched whether federal question jurisdiction remained given Plaintiff's deliberate omissions of her Federal Question Claims and her admissions that her employment with Antioch arose out of federal law establishing and regulating the Federal Work Study Program.[1]  (*Id*.)

---

[1] Although omitted from her First Amended Complaint, Plaintiff's admissions in her original Complaint that she was a student employed through the university's Federal Work Study Program are admissible and can be considered by this Court.  *See Andrews v. Metro North Commuter R.R. Co.*, 882 F.2d 705, 707 (2nd Cir. 1989); *Banaga v. Taylor Bean Mortg. Co.*, No. 11-4007 (JSC), 2011 WL 5056985, at *6 (N.D. Cal. Oct. 24, 2011); *United States v. McKeon*, 738 F.2d 26, 31 (2nd Cir. 1984) ("McKeon") (stating that "[a] party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version,

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT
AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

Based on its good faith review of the pleadings and relevant case law, Defendants now no longer oppose the remand of this action to State Court. Defendants do, however, oppose any award of attorneys' fees or costs. The removal of this action to this Court was proper based on the Federal Question Claims which appeared on the face of the Complaint. Moreover, the imposition of fees and costs where remand is based on post-removal changes to the Complaint is not authorized under 28 U.S.C. § 1447(c), and it is improper under relevant case law. Furthermore, there was a good faith basis to believe that substantial federal question existed despite the fact that Plaintiff dismissed her Federal Question Claims based on various factors, including, but not limited to, the fact that Plaintiff's employment was created by and her right to relief necessarily depended on an analysis of the Federal Work Study Program which is governed by federal statute and law.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's request for an award of attorneys' fees and costs.

## II.    THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

### A.    Legal Standard.

Under 28 U.S.C. § 1447(c), a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the United States Supreme Court has held that "[a]bsent unusual circumstances, **courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied**." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).

and amend its pleadings to incorporate that version'").

18538597_1.docx

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

Here, the removal of this action to this Court was clearly proper. Specifically, Plaintiff's original Complaint – upon which the removal was based – set forth the following claims, which were *created by and arose under* federal law: (1) violation of the Americans with Disabilities Act (ADA) – Public Accommodations, 42 U.S.C.A. sections 12101 *et seq.*; (2) violation of the ADA – employment; (3) violation of the Rehabilitation Act of 1973, 29 U.S.C.A. sections 701 *et seq.* Thus, removal was proper pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and Plaintiff's request for fees and costs must be denied on this ground alone.

Moreover, **costs and fees may not be awarded on remands resulting from post-removal changes in the case as they do not "result from" improper removal**. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (statute governing the procedure after removal does not authorize the award of fees of costs where the initial removal was proper); *Keith Goodridge Construction v. WYBS, Inc.*, No. 08-6313-TC, 2009 WL 3698086, at *1 (N.D. Cal. Oct. 24, 2011) ("Fees are generally not awarded on remands resulting in postremoval changes to the case as the fees are not 'incurred as a result of the removal' as required by § 1447(c)"); *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1114, n. 6 (C.D. Cal. 2005). Here, Plaintiff filed a First Amended Complaint intentionally omitting her Federal Question Claims as well as her references to the Federal Work Study Program *only after* Defendants removed this action to this Court. Accordingly, because Plaintiff's post-removal actions cannot serve as a basis for fees and costs pursuant to 28 U.S.C. § 1447(c), Plaintiff's request for fees and costs should be denied.

Finally, Defendants had a good faith basis to believe that the Court could exercise its discretion in not remanding the case because a substantial federal question existed even after Plaintiff dismissed her Federal Question Claims. Plaintiff's employment with Antioch was created by the Federal Work Study Program, which is governed by federal statute and law. Because the Federal Work-

18538597_1.docx

Case No. 2:14-cv-4741 DDP (SSx)

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

Study Program is exclusively reserved for current students pursuant to federal law, once Plaintiff's enrollment as a student ended, she was no longer eligible for employment in the Federal Work Study Program.  Thus, Plaintiff's right to relief for the claims based on her termination necessarily involve an analysis of the federal laws and statute governing the Federal Work Study Program.  For example, Plaintiff cannot allege that she was qualified to hold her employment at Antioch—an essential element of a claim for discrimination—after her academic enrollment ended, so as to establish any right to relief pursuant to her second claim for discrimination.[2]  Accordingly, Defendants had a good-faith basis that a substantial federal existed to support federal question jurisdiction, and Plaintiff's request for fees and costs should be denied.[3]

## III.    CONCLUSION

Based on the foregoing, Defendants do not oppose Plaintiff's Motion to

---

[2] 34 C.F.R. § 675.9(b) ("A student at an institution of higher education is eligible to receive part-time employment under the [Federal Work Study] program for an award year if the student . . . Is enrolled or accepted for enrollment as an undergraduate, graduate or professional student at the institution.")  42 U.S.C. § 2753(b)(2) (agreements to administer work-study programs shall "provide that funds granted an institution of higher education, pursuant to this section, ***may be used only to make payments to students*** participating in work-study programs") (emphasis added); *Gomez v. Am. Building Maintenance*, 940 F. Supp. 255, 257 (N.D. Cal. 1996) (requiring plaintiff to allege she was "otherwise qualified" for her position to state a claim under the ADA)).

[3] *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-314 (2005) (federal-question jurisdiction will lie over state-law claims that implicate significant federal issues); *Nero v. BAE Systems, Inc.*, No. 13-4271PJH, 2013 WL 6188762 *6 (N.D. Cal. Nov. 25, 2013) (plaintiff brought state law claims alleging discrimination and harassment in employment seeking, in part, to apply continuing violation doctrine pursuant to the federal Lily Ledbetter Fair Pay Act of 2009, and court found federal question jurisdiction existed because state law discrimination claims necessarily depended on the resolution of a substantial question of federal law (Ledbetter Act); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (holding despite the plaintiff carefully amending the pleading post-removal to exclude references to federal law, the proper inquiry on remand is whether subject matter jurisdiction existed at the time of removal); *De Cordova v. Pac. Point Funding, Inc.*, No. CIV. S071067LKK/EFB, 2007 WL 2390408 (E.D. Cal. Aug. 20, 2007) (because plaintiffs simply omitted their federal claim in the amended complaint, the court is not obligated to remand the case).

18538597_1.docx

Case No. 2:14-cv-4741 DDP (SSx)

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS

Remand; however, Defendants respectfully request that the Court deny Plaintiff's request for an award of fees and costs.

DATED:  July 28, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:    /s/Marrian S. Chang
Marrian S. Chang
Ashley B. Decker
Attorneys for Defendants
ANTIOCH UNIVERSITY and THOMAS MONDRAGON

18538597_1.docx

Case No. 2:14-cv-4741 DDP (SSx)

DEFENDANTS' NON-OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND OPPOSITION TO PLAINTIFF'S REQUEST FOR AWARD OF FEES AND COSTS