LAW OFFICES OF

# REISNER & KING LLP

ADAM REISNER

TESSA KING
_____

ALISA KHOUSADIAN

JUSTIN SILVERMAN

14724 VENTURA BLVD., SUITE 1210

SHERMAN OAKS, CALIFORNIA 91403

WWW.REISNERKING.COM

TEL (818) 981-0901

FAX (818) 981-0902

June 23, 2014

_Sent via U.S. Mail & Facsimile (213) 239-9045_

Mr. Patrick Allen

OGLETREE DEAKINS

400 South Hope Street, Suite 1200

Los Angeles, California 90071

> _Re:_    **Alicia Ristau v. Antioch University, et al.; Case No. BC545523**

Dear Patrick:

We are in receipt of your correspondence dated June 19, 2014 and notice of your removal of the instant action. Please allow this to initiate our efforts to meet and confer to remand this matter back to state court.

We believe this case belongs in state court where it was initially filed and must accordingly be remanded. Though Ms. Ristau's complaint includes secondary federal claims, when a claim can be supported by alternative and independent theories, one of which is state law theory and one of which is federal law theory, federal question jurisdiction does not attach because federal law is not necessary element of claim. See Rains v. Criterion Sys., Inc., 80 F.3d 339 (9th Cir. 1996).

Prior to Raines, the United State Supreme Court that held a claim supported by alternative theories in the complaint may not form the basis federal question jurisdiction **unless federal law is essential to each of those theories.** See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988) (emphasis added).

Circuit courts applying Christianson have similarly concluded claims like Ms. Ristau's do not give rise to federal question jurisdiction. For example, in Mulcahey v. Columbia Organic Chemicals Co., the Fourth Circuit held that a state negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction. The Court said:

> Christianson teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist. Examination of the complaint in the instant case reveals that the negligence _per se_ claim citing the federal environmental statute was only an alternative theory of liability under Plaintiffs' negligence claim contained in Count I. Even if Columbia Organic was found not to have violated

EXHIBIT____A____,PAGE____4____

Mr. Allen
June 23, 2014
Page 2

any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence.

Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 153 (4th Cir. 1994).

Similarly, in the instant matter, Ms. Ristau has alleged numerous claims supported by alternative theories. For example, Ms. Ristau's federal ADA claim, e.g., Title III of the ADA, is equally supported by her state Unruh cause of action. In terms of her employment claims, Ms. Ristau's claim brought under Title I of the ADA is supported by her causes of action brought under California's Fair Employment & Housing Act. Under Christianson, supra, federal question jurisdiction is lacking and this case must therefore be remanded at once.

For the reasons and authority discussed above, please agree to remand this case by Friday, June 27, 2014. Should you decide to continue litigating in District Court, we will bring our motion to remand and may seek attorney's fees.

Furthermore, after reviewing the contentions of fact and law raised in your letter, we have decided that we will not be dismissing any of the causes of action alleged and, instead, move forward with our claims. Though you have briefly articulated the legal bases as to the reasons why you will move to dismiss several of Ms. Ristau's causes of action, we believe these claims are both factually and legally sufficient. As such, any determinations relating to the sufficiency of our client's claims will be decided by the Court should you file your motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Please also note, despite charges not being filed with the Equal Employment Opportunity Commission ("EEOC"), Ms. Ristau's second claim for "Violation of the ADA – Employment" is not barred. Though claims brought under Title I of the ADA require exhaustion of administrative remedies, this is not necessarily the case in California where the Department of Fair Employment & Housing ("DFEH") and EEOC have entered into what are known as "Worksharing Agreements." In Stiefel v. Bechtel Corp., a case directly on point with the instant matter, the Court explained:

> [Plaintiff's] claims should not have been dismissed on the ground that he failed to timely file a charge with the EEOC. Pursuant to "Worksharing Agreements" between the DFEH and the EEOC in effect when [Plaintiff] filed his DFEH charges, the State agency was the agent of the EEOC "for the purpose of receiving charges. Under such an agreement, a charge filed with the DFEH is deemed to have been received by the EEOC on the same day. Charges received by one agency under the [worksharing] agreement shall be deemed received by the other agency. The EEOC's failure to issue a right-to-sue letter on a dual-filed charge is no bar to a suit under the ADA.

See Stiefel v. Bechtel Corp., 624 F.3d 1240, 1244-45 (9th Cir. 2010) (internal citations and quotations omitted); see also Green v. Los Angeles Cnty. Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir. 1989) (holding Plaintiff's charge with the DFEH was deemed to have been

EXHIBIT___A___,PAGE___5___

Mr. Allen
June 23, 2014
Page 3

received by the EEOC on the same day, because under the worksharing agreement the DFEH was an agent of the EEOC for the purpose of receiving charges); see also Surrell v. Cal. Water Serv., 518 F.3d 1097, 1104 (9th Cir.2008).

Therefore, Ms. Ristau's second cause of action is both factually and legally sufficient.

Thank you again for taking the time to meet and confer regarding these issues. However, as explained above, at this time we are inclined to move forward with our client's claims.

Please feel free to contact me with any questions you may have.

Very truly yours,
**REISNER & KING LLP**

ARTHUR SEZGIN

EXHIBIT____A____,PAGE____6____



LAW OFFICES OF

# REISNER & KING LLP

14724 Ventura Blvd. Suite 1210
Sherman Oaks, CA 91403
Phone: 818-981-0901
Fax: 818-981-0902

# FAX

| To:<br>Mr. Patrick Allen | Fax #: (213) 239-9045 |
|---|---|
| **From:** Arthur Sezgin | **Fax #:** (818) 981-0902 |
| **Pages:** 4 (Incl. cover sheet) | **Date:** June 23, 2014 |

*Re:* ***Ristau v. Antioch University***

**Message:** -

Please review the attached documents.

THIS FAX COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT____A____,PAGE____7____

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045
www.ogletreedeakins.com

J. Patrick Allen
213.438.5856
patrick.allen@ogletreedeakins.com

June 26, 2014

**Via Facsimile and U.S. First Class Mail**

Arthur Sezgin
Reisner & King LLP
14724 Ventura Blvd., Suite 1210
Sherman Oaks, CA 91403

RE:   Alicia Ristau v. Antioch University, et al., Case No. BC545523

Dear Arthur:

We are in receipt of your letter dated June 23, 2014, wherein you contend that the above-referenced matter "belongs in state court". As set forth herein, we respectfully disagree, and we will not agree to remand the case to state court.

As an initial matter, as set forth in the Notice of Removal, the case was properly removed to federal court because it is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446. 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446; *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002). Moreover, the Court has supplemental jurisdiction over Plaintiff's state law claims since they are based on the same facts as Plaintiff's federal claims. 28 U.S.C. § 1367(a); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Your letter fails to address the statutory and case authority set forth in the Notice of Removal.

Moreover, your letter states that "Ms. Ristau's complaint includes secondary federal claims"; however, in fact, Ms. Ristau's complaint sets forth three separate claims arising *solely* under federal law. Specifically, Plaintiff's first, second, and third claims necessarily depend on the resolution of whether Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 *et. seq.*), Title I of the Americans with Disabilities Act (42 U.S.C. §§ 12111 *et. seq.*), and the Rehabilitation Act (29 U.S.C. §§ 701 *et. seq.*) were violated. As such, it is clear that federal law created each of these claims.

Atlanta  ▪  Austin  ▪  Berlin  (Germany)  ▪  Birmingham  ▪  Boston  ▪  Charleston  ▪  Charlotte  ▪  Chicago  ▪  Cleveland  ▪  Columbia  ▪  Dallas  ▪  Denver
Detroit  Metro  ▪  Greenville  ▪  Houston  ▪  Indianapolis  ▪  Jackson  ▪  Kansas  City  ▪  Las  Vegas  ▪  London  (England)  ▪  Los  Angeles  ▪  Memphis
Miami  ▪  Minneapolis  ▪  Morristown  ▪  Nashville  ▪  New  Orleans  ▪  New  York  City  ▪  Orange  County  ▪  Philadelphia  ▪  Phoenix  ▪  Pittsburgh
Portland  ▪  Raleigh  ▪  Richmond  ▪  St.  Louis  ▪  St.  Thomas  ▪  San  Antonio  ▪  San  Diego  ▪  San  Francisco  ▪  Stamford  ▪  Tampa  ▪  Torrance  ▪  Tucson  ▪  Washington

EXHIBIT___B___,PAGE___8___

Arthur Sezgin
June 26, 2014
Page 2

Furthermore, the case law you set forth in your letter does not support remand. Each of the cases cited in your letter involved claims or causes of action that arose out of state law, or involved a cause of action or claim where federal law served as an alternative theory for relief within a specific cause of action or claim. In fact, all three cases that you rely upon confirm that federal question jurisdiction exists in this matter. Specifically, in *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, the Court held that "in cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (emphasis in original). In *Rains v. Criterion Systems, Inc.*, the Court recognized that where a federal claim is asserted in a complaint, i.e., where federal law creates the cause of action asserted, federal question jurisdiction exists. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996). Finally, in *Christianson v. Colt Industries Operating Corp.*, the Court recognized that federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law..." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988); *quoting Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Although Plaintiff asserts claims that arise out of state law in her Complaint, they are separate and distinct claims over which the federal court has supplemental jurisdiction in this matter.

Accordingly, we will not agree to remand the case to state court.

Sincerely,

J. Patrick Allen

18268293.1

EXHIBIT___B___,PAGE___9___

P. 1

＊  ＊  ＊  Communication Result Report ( Jun. 27. 2014 10:21AM ) ＊  ＊  ＊

. Fax Header)  Ogletree Deakins

Date/Time: Jun. 27. 2014 10:19AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1357 | Memory TX Salas, Gerard | 18189810902#3344 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

**Ogletree
Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
*Attorneys at Law*
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| DATE: | June 27, 2014 | CLIENT/MATTER NO.: | 021459-10 |
|---|---|---|---|

| TO: | PHONE | FAX |
|---|---|---|
| Arthur Sorgini Reisner & King LLP | 818.981.0901 | 818.981.0902 |

| FROM: | PHONE | FAX |
|---|---|---|
| J. Patrick Allen | 213.438.5856 | 213.239.9045 |

PAGES:    3 ·

If problems arise with receipt of this transmission, please contact: Leighann N. Burick at 213.457.0448.

MESSAGE:

18235899.1

Atlanta · Austin · Berlin (Germany) · Birmingham · Boston · Charleston · Charlotte · Chicago · Cleveland · Columbia · Dallas · Denver
Detroit · Metro · Greenville · Houston · Indianapolis · Jackson · Kansas City · Las Vegas · London (England) · Los Angeles · Memphis
Miami · Minneapolis · Morristown · Nashville · New Orleans · New York City · Orange County · Philadelphia · Phoenix · Pittsburgh
Portland · Raleigh · Richmond · St. Louis · St. Thomas · San Antonio · San Diego · San Francisco · Stamford · Tampa · Torrance · Tucson · Washington

CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.

EXHIBIT____B____,PAGE____10____

## Chang, Marrian S.

| | |
|---|---|
| **From:** | Allen, Patrick |
| **Sent:** | Thursday, July 03, 2014 3:15 PM |
| **To:** | Arthur S |
| **Cc:** | Chang, Marrian S.; Burick, Leighann N. |
| **Subject:** | RE: Ristau v. Antioch, et al. |

Arthur,

Defendants are not amenable to stipulating to remand the case to state court.

Thank you and Happy 4th of July.


**Patrick Allen | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
400 South Hope Street, Suite 1200 | Los Angeles, CA 90071 | Telephone: 213-438-5856 | Fax: 213-239-9045
patrick.allen@ogletreedeakins.com | www.ogletreedeakins.com | Bio


**From:** Arthur S [mailto:arthur@reisnerlaw.com]
**Sent:** Wednesday, July 02, 2014 2:15 PM
**To:** Allen, Patrick
**Subject:** Re: Ristau v. Antioch, et al.

Good afternoon Patrick:

Thank you for the call back earlier. I wanted to briefly follow-up on my inquiry this morning regarding whether your clients would agree to remand the case back to state court if we dismiss Ms. Ristau's federal causes of action. You indicated you'd need to check with Ms. Chang prior to making that decision. Please let me know whether you've heard anything regarding this.

I look forward to hearing back from you. Thank you for your time.

Best,

Arthur Sezgin, Esq.
Associate Attorney
**REISNER & KING LLP**
14724 Ventura Blvd. Suite 1210 | Sherman Oaks, California 91403
arthur@reisnerlaw.com | www.reisnerking.com
Phone: (818) 981-0901 | Fax: (818) 981-0902

**PRIVILEGED & CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS AND/OR WORK PRODUCT**

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

1

EXHIBIT____C____, PAGE____11____